IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08cv373

| | |
|---|---|
| *IN RE*:<br>THOMAS BRUCE PARKER,<br><br>Debtor. | Bankruptcy Case Number<br>04-30593 |
| Richard M. Mitchell,<br>Chapter 7 Trustee,<br><br>    Appellee/Plaintiff,<br><br>    vs.<br><br>Theodore Gregg Parker,<br>Appellant, and<br>Thomas Bruce Parker, Betty<br>Jean Parker, Margaret June<br>Parker Schlaphohl,<br><br>    Defendants. | Adversary Proceeding Number<br>04-3051 |

## ORDER

**THIS MATTER** is before the Court on the Appellant's Motion for Reconsideration of the Court's Order of October 9, 2008 Dismissing the Appeal [Doc. 4] and the Appellant's Motion for an Extension of Time to File a Notice of Appeal of the Court's Order of October 9, 2008 Dismissing the

Appeal [Doc. 7].

## PROCEDURAL HISTORY

On August 18, 2008, the Appellant filed a Notice of Appeal in this Court seeking to appeal the July 8, 2008 decision of United States Bankruptcy Court Judge J. Craig Whitley. [Doc. 1]. The Appellant did not file in the record of this Court a copy of an Order from Judge Whitley which extended the time within which he could appeal from that decision. As a result, the undersigned, based on the record presented by the Appellant to this Court, dismissed his appeal as untimely, the appeal having been filed more than ten days after the Bankruptcy Court's decision. [Doc. 2].

In response to that dismissal, the Appellant moved for reconsideration and for the first time advised the Court that Judge Whitley had extended the time within which he could appeal. [Doc. 4-2]. On October 27, 2008, more than two months after filing the appeal, the Appellant added a copy of that Order as an attachment to the Notice of Appeal originally filed on August 18, 2008. [Doc. 1, "Additional attachment(s) added on 10/27/08: #2 BK Order lv to appeal"].

The Appellee objected to the motion for reconsideration, arguing that the appeal should remain dismissed. [Doc. 5]. Thereafter, the Appellant filed a reply. [Doc. 6].

Two days later, the Appellant moved for an extension of time to appeal from the October 9, 2008 decision dismissing the appeal as untimely. [Doc. 7]. The Appellee has responded to that motion as well. [Doc. 8].

**DISCUSSION**

On July 8, 2008, United States Bankruptcy Judge J. Craig Whitley entered Findings of Fact, Conclusions of Law and Order in an adversary proceeding in the Debtor's bankruptcy case. [Doc. 107 in Adversary Proceeding (AP) Case No. 04-3051; Docs. 49, 50 in Bankruptcy Case No. 04-30593].[1] On July 28, 2008, the Appellant filed a motion in the adversary proceeding to extend the time within which he could file a notice of appeal from the Court's July 8, 2008 decision. [AP Doc. 109]. He did not file that motion in his bankruptcy case.

On August 5, 2008, Appellant presented his Notice of Appeal to the Bankruptcy Clerk of Court in the adversary proceeding. [AP Doc. 113]. He did not file a copy of the notice of appeal in his bankruptcy case.

The docket in the adversary proceeding shows that the Appellant was

---

[1]Documents filed in the Adversary Proceeding file will hereafter be identified as [AP Doc. ___]. Documents filed in the Bankruptcy base file will hereafter be identified as [Bcy Doc. ___]. Any documents identified as [Doc. ___] refer to the filings in this case file before the District Court.

advised that he was required to file the designation of record on or before August 15, 2008. [AP Doc. 113]. He did not do so.

On August 18, 2008, Hon. J. Craig Whitley granted the Appellant's motion for leave to appeal out of time. [AP Doc. 115]. That Order, which was filed in the adversary proceeding, was not filed in the bankruptcy case. In that Order, Judge Whitley specifically noted that the appeal should be docketed as of the date the notice was tendered to the Court; that is, August 5, 2008. [AP Doc. 115].

The Notice of Appeal was filed in this Court on August 18, 2008. [Doc. 1]. As previously noted, at the time that notice was filed, the Appellant did not attach to it a copy of the Order granting leave to file the appeal out of time.

On August 26, 2008, the Appellant filed in the adversary proceeding a Designation of Items to be Included in the Record on Appeal and Statement of the Issues on Appeal. [AP Doc. 126]. There is no certificate of service attached to the document showing that it was served on the Appellee. Appellant did not file this document in the bankruptcy case or in this Court.

On September 5, 2008, Judge Whitley denied the Appellant's motion to stay the bankruptcy proceeding pending appeal. [AP Doc. 128]. This

4

document was filed in the bankruptcy case even though the notice of appeal was never docketed in that case. Appellant did not file a copy of that Order with this Court.

On September 17, 2008, the Appellee filed in the adversary proceeding a Designation of Additional Items to be Included in the Record on Appeal. [AP Doc. 137]. The Appellee served the document on the Appellant. The designation was not docketed or cross-referenced in the bankruptcy case and was not filed with this Court.

On September 24, 2008, the Appellant filed, again in the adversary proceeding, an Amended Designation of Items to be Included in the Record on Appeal. [AP Doc. 141]. The amended document contains a certificate of service. The Appellant did not file that document with this Court. At no time has the Appellant filed and served a brief on appeal.

As of October 9, 2008, the date the undersigned dismissed the appeal as untimely, there had been filed in the record before this Court a Notice of Appeal to which was attached a copy Judge Whitley's July 8, 2008 Order. [Doc. 1]. Appellant did not file the Order allowing him to appeal out of time, the designation of record or a statement of issues on appeal. As of the date of this decision, the Appellant still has not filed a designation of record or statement of issues on appeal with this Court in

5

this appellate proceeding.

In support of the motion to reconsider, the Appellant admits that he "did not include [the order granting an extension of time within which to appeal] in the record on appeal as the Appellant *may have* erroneously thought jurisdiction was decided at the bankruptcy court level, where the appeal was allowed and docketed, and these pleadings do not directly address the issues the Appellant asks this Court to consider." [Doc. 4, at 4] (emphasis provided). The Court notes the Appellant has stated that he "may have" thought it unnecessary to supply a copy of the order to this Court. Appellant also argues that his appeal has merit and would correct an error worth $10,000.

In this regard, the findings of the Bankruptcy Court, which the Appellant has attached to his motion to reconsider, are compelling. The Court specifically noted that it granted the motion for leave to appeal out of time with reservations. [Doc. 4-2, at 7]. The Court stated that the Appellant's "latest appeal [seeks] to reargue matters determined in prior rulings which were themselves appealed, upheld and which have become final." [Id., at n.1]. Although the Court granted the motion for leave to appeal out of time, it denied the Appellant's motion to stay the July 8, 2008 Order pending the appeal. In so doing, the Bankruptcy Court noted that

Parker has appealed three other bankruptcy decisions relating to the sale of the residence in question. In these appeals, [Appellant] was denied a stay (in part) due to lack of a bond or other security. Apart from any other consideration as to whether a stay should issue, that bond prerequisite has not changed. [Appellant's] prior, and heretofore entirely unsuccessful, appeals have greatly increased the Trustee's costs, delayed administration of this case, and denied creditors a timely distribution on their claims.

[Doc. 4-2, at 7-8].

The Trustee moved the Bankruptcy Court to reconsider allowing the appeal out of time. In denying that motion, the Court further stated:

Whether to permit this appeal out of time is a close call. On the one hand, I have serious reservations whether [Appellant's] latest appeal is being sought in good faith. I am also concerned that the bankruptcy estate's resources could be depleted in defending what may turn out to be a feckless appeal. [Appellant's] motion to file out of time suggests that the primary purpose of his latest appeal is to collaterally attack a prior order permitting the sale of the residence. [Appellant] has already unsuccessfully appealed that decision, and the property has been sold.

...

Frankly, if [Appellant] was represented by counsel in this action, his motion to appeal out of time would be denied for lack of "excusable neglect." [Appellant's] excuses for filing out of time (he did not understand the appeal period; he was out of town during the appeal period; and he wanted to speak with his sister before making the decision), even if true, would not constitute excusable neglect under Rule 8002. The sole basis on which I find "excusable neglect" in this instance is [Appellant's] *pro se* status. This is admittedly weak, given that [Appellant] is not the typical uninformed, *pro se* litigant. Not only does he oversee federal litigation as a part of his job, [Appellant] has previously appealed three decisions in this bankruptcy case. All appeals were accomplished within the Rule 8002 ten day time deadline.

7

It appears he knows what he is doing.

[Doc. 4-2, at 10-11].

Although as noted above the Trustee moved the Bankruptcy Court to reconsider its finding of excusable neglect, he did not appeal that finding. Moreover, the Appellee did not cross-appeal in this Court asserting that the extension of time granted by the Bankruptcy Court or its finding of excusable neglect was erroneous. The Court has reviewed the Bankruptcy Court's decision granting the extension of time within which to appeal and finds that it comports with the time periods prescribed by Bankruptcy Court Rule 8002. Since no cross-appeal was taken by the Appellee as to the Bankruptcy Court's finding of excusable neglect, this Court concludes that the decision of the Bankruptcy Court concerning excusable neglect is the law of the case.

Although the Appellee opposed the motion to reconsider, the cases cited in support are inapposite. In the case of In re Kloza, 222 Fed.Appx. 547 (9th Cir. 2007), the appellant did not file its motion for an extension of time within the twenty day period prescribed by Bankruptcy Rule 8002 and also failed to establish excusable neglect. Both the cases of In re Swann, 2007 WL 1728706 (Bkrtcy.D.Md. 2007), and In re Gardner, 2007 WL 1577862 (Bkrtcy.N.D.Tex. 2007), involve findings by the bankruptcy court

that the movant failed to establish excusable neglect. Here, the Bankruptcy Court found that the Appellant did show excusable neglect and there is no appeal before this Court from that ruling.

The Bankruptcy Court has succinctly stated its reservations as to whether this appeal is taken in good faith. Indeed, the Bankruptcy Court referred to this appeal as possibly "feckless" and stated that the circumstances suggest that the purpose for the appeal is to harass and to relitigate matters already resolved. The Appellant's failure to place relevant pleadings before this Court, such as the Bankruptcy Court's order extending the time within which to appeal, would further support such a conclusion. In addition, language contained in the filings before this Court discloses that the Appellant seeks to relitigate issues which have been decided as long ago as 2006. The Appellant is cautioned that the issues presented on this appeal must be limited to the order from which appeal is taken.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Appellant's Motion for Reconsideration of the Court's Order of October 9, 2008 Dismissing the Appeal [Doc. 4] is hereby **GRANTED** and the dismissal of the appeal is

hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Appellant's Motion for an Extension of Time to File a Notice of Appeal of the Court's Order of October 9, 2008 Dismissing the Appeal [Doc. 7] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from the date that the Bankruptcy Court files the record with this Court, the Appellant shall file his brief on appeal. The brief may not exceed twenty (20) double-spaced pages in size 14 font.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from the date of filing of the Appellant's brief, the Appellee shall file his brief on appeal. The brief may not exceed twenty (20) double-spaced pages in size 14 font.

The Clerk of Court for the United States Bankruptcy Court for the Western District of North Carolina is requested to file the record on appeal with this Court.

Signed: September 11, 2010

Martin Reidinger
United States District Judge